now among the files. In the absence of anything in the record conclusively showing the contrary, the recital in the judgment order that the issues were then joined must prevail, and it must accordingly be assumed as a fact affirmatively shown by the record, that a replication had been filed. Opinion by BAILEY, P. J. Judge below, ELLIOTT ANTHONY. Attorneys, for plaintiff in error, Mr. ROBERT HERVEY ; for defendant in error, Mr JAMES FRAKE. Opinion filed March 31, 1886.

No. 12—2271. Cornelia J. Chadwick et al. v. Alvina C. McKee. An action of trespass for breaking and entering the plaintiff's dwelling house, and also for taking and carrying away divers goods and chattels belonging to the plaintiff. At the trial before the court and a jury, defendants Cornelia J. Chadwick and Loren Chadwick only were convicted, and the plaintiff's damages were assessed against them at $5,000. For this sum and costs the plaintiff had judgment. The court is of the opinion that the damages are clearly and largely excessive. Most of the damages awarded are manifestly punitive, as it would be difficult, upon any reasonable view of the evidence, to estimate the plaintiff's actual or compensatory damages at more than one tenth of the sum given by the jury, and there is very little, if any basis in the evidence for the imposition of punitive damages, at least as against Cornelia J. Chadwick. While in cases of this character, the measure of damage is, to a certain extent, within the discretion of the jury, yet it is the duty of the court to see that the verdict is not oppressive, and that it is the clear and deliberate judgment of the jury, uninfluenced by any improper motives : Lockwood v. Onion, 56 Ill. 512. Opinion PER CURIAM. Judge below, JOSEPH E. GARY. Attorneys, for plaintiffs in error, Messrs. McCoy, POPE & McCoy ; for defendant in error, Mr. W. S. HARBERT and Mr. W. P. BLACK. Opinion filed March 31, 1886.

No. 156—2270. The Louisville, New Albany & Chicago Ry. Co. v. Robert M. Cherrie et al. This is an appeal from a judgment for $748.43, obtained in the court below by appellees, Cherrie & Co., against appellant, for commissions claimed to have been earned in the purchase of railroad materials. There is no pretense that appellant, the defendant below, ever employed Cherrie & Co., the plaintiffs, to make

any such purchases; but the latter sought to establish their right of recovery, by showing that February 12, 1880, the Chicago & Indianapolis Air Line Railway Company, through Henry Crawford as treasurer, entered into a special contract with them in writing, by which that company agreed to pay plaintiff the commissions in question, and that subsequently, and before this suit, said last named railway company became consolidated with the appellant company, by reason whereof the latter company became liable to pay said commissions to plaintiffs. The special contract was not declared upon, and there was no evidence under a *quantum meruit*. It was therefore necessary to support the finding of the court below (the case being tried without a jury), that evidence should have been adduced tending to show, either that said railway company had previously authorized said Crawford to make said special contract on its behalf, or that, with knowledge of all material facts, it had subsequently ratified his act in doing so. As the case is totally barren of evidence upon either a previous or subsisting authority, or subsequent ratification, the judgment is reversed. Opinion by McALLISTER, J. Judge below, ELLIOTT ANTHONY. Attorneys, for appellant, Mr. GEO. W. EASLEY and Mr. W. N. Low; for appellees, Mr. FREDERIC ULLMANN. Opinion filed March 31, 1886.

No. 19—2287. Sarah C. Lieb v. Abraham Lichtenstein. An action on two promissory notes executed in the State of Indiana by a husband and wife. The plaintiff originally brought suit against the husband and wife, but dismissed as to the husband. The plaintiff recovered a verdict and judgment against the wife for the amount appearing to be due on said notes. The principal controversy was upon the question whether the stock of goods for which the notes were given was purchased by the wife as her separate personal estate, and to be employed by her in carrying on her separate trade and business, or whether the sale was really and in fact to her husband. On this question the evidence was conflicting. The jury have given credence to the plaintiff's witnesses, and the court can not say that their verdict is not sustained by a preponderance of the evidence. Judgment affirmed. Opinion by BAILEY P. J. Judge below, SIDNEY SMITH. Attorneys, for plaintiff in error, Messrs. WILSON & ZOOK; for de-